**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTHONY   THOMAS   DEWAYNE WOODARD, )<br><br>Petitioner, )<br><br>vs. )<br><br>PEOPLE OF THE STATE OF ILLINOIS, )<br><br>Respondent. ) | **Case No. 3:24-cv-1251-DWD** |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner, a pretrial detainee in the Circuit Court of Perry County, Illinois, filed a Petition for a Writ of Habeas Corpus ("Petition") (Doc. 1) and a Motion for Removal Jurisdiction *in Propria Persona* (Doc. 4). The statutory basis for the Petition is unclear. (Doc. 1). In any event, though, the Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1]

In the Petition, Petitioner indicates he is incarcerated, as a pretrial detainee, for 1 count of aggravated battery of a peace officer and 2 counts of resisting or obstructing a

---

[1]Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." As such, the Rules may be applied in the context of § 2241 or § 2254. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

peace officer. (Doc. 1, pg. 1). The former charge is a Class 2 felony, while the latter charges are Class A misdemeanors. (Docs. 1, pg. 1; 4, pgs. 2-3). These charges were brought in an Information dated April 1, 2024. (Doc. 4, pgs. 2-3). On April 5, 2024, Attorney Jordan Campanella was appointed to represent Petitioner. (Doc. 1, pg. 4).

As a pretrial detainee, Petitioner is not yet subject to the judgment of the Circuit Court of Perry County on those charges and it does not appear he has filed any appeals. Nevertheless, Petitioner alleges an "adjudication was imposed on him without due process." (Doc. 1, pg. 1). That is, the Circuit Court of Perry County, on its own motion, considered his fitness to stand trial under 725 ILCS 5/104-10 *et seq.* (Doc. 1, pgs. 2-3). On May 3, 2024, after a fitness hearing under section 104-16, Petitioner was found unfit to stand trial based on the report of Dr. Daniel Cuneo. (Doc. 1, pgs. 1-4). Again, as of that date, Petitioner was represented by Mr. Campanella for the purpose of assessing his fitness to stand trial. (Doc. 1, pg. 4). Also, the record indicates the parties stipulated to Dr. Cuneo's report, which formed the basis for the finding of unfitness. (Doc. 1, pg. 2).

However, Petitioner now explains, "I made a special appearance…to object to a fitness hearing…, which should have been on arraignment." (Doc. 1, pg. 1). Petitioner further explains, "I planned on challenging jurisdiction[] because the record does not show that a grand jury had been properly summoned or empaneled." (Doc. 1, pg. 1).

Now, the appropriate vehicle for a state pretrial detainee to challenge his or her detention is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 (1973); *U.S. ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir.

2

1979)). A pretrial detainee, like Petitioner, is not in custody pursuant to the judgment of a state court, so relief under 28 U.S.C. § 2254 is not yet available. *Id.* (citing *Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001)). However, even in the context of § 2241, federal courts must abstain from interfering with state court criminal proceedings that involve important state interests if the state court provides an opportunity to raise the federal claims and no exceptional circumstances exist. *Olsson v. Curran*, 328 Fed. App'x 334, 335 (7th Cir. May 7, 2009) (quoting *Stroman Realty, Inc., v. Martinez,* 505 F.3d 658, 662 (7th Cir.2007); citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)); *accord Jones v. Granite City Police Dep't*, No. 22-cv-1656, 2022 WL 16908662, *1 (S.D. Ill. Oct. 12, 2022).

Exceptions to the above legal principles exist for state pretrial detainees raising speedy trial and double jeopardy claims, which could become moot, after they exhaust their state-court remedies. *Olsson*, 328 Fed. App'x at 335 (citing *Braden*, 410 U.S. at 489-92; *Younger,* 401 U.S. at 49; *Stroman Realty, Inc.,* 505 F.3d at 662; *Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir.1979); *In re Justices of Superior Court Dep't of Massachusetts Trial Court,* 218 F.3d 11, 19 (1st Cir. 2000)); *Jones*, 2022 WL 16908662 at *1; *see also Mays v. Dart*, 453 F. Supp. 3d 1074, 1088 (N.D. Ill. 2020) ("Although there are exceptions, 'the hurdle is high.' "). To exhaust state court remedies, a petitioner must give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the appellate review process, including by filing a petition for discretionary review with the state's highest court. *Seger v. Dep't of Human Servs.*, No. 24-cv-1057, 2024 WL 2884504, *1 (S.D. Ill. May 13, 2024) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Here, it is undisputed that Petitioner, a pretrial detainee, is not subject to an Illinois judgment related to the criminal offenses charged in the Information. Also, Petitioner has not shown that he has no opportunity to raise the instant claims in the state court or that exceptional circumstances now warrant consideration of those claims by this Court. Therefore, the Court cannot interfere with the state criminal proceedings. It must, instead, abstain from considering Petitioner's claims. Further, the Court notes that Petitioner does not raise an issue that qualifies as an exception to the exhaustion requirement, *i.e.*, a speedy trial or a double jeopardy issue. In any event, Petitioner has in no way sought to exhaust his state court remedies, despite the fact that "[a]n order finding the defendant unfit is a final order for purposes of appeal by the state or the defendant." 725 ILCS 5/104-16(e); *see also* Ill. S. Ct. R. 604(e) ("The defendant or the State may appeal to the Appellate Court from an order holding the defendant unfit to stand trial or be sentenced.").

Finally, for the reasons explained above, and because this Court lacks jurisdiction over state criminal matters, the Motion at Doc. 4 is **DENIED**. *See U.S. v. Brown*, 58 F. Supp. 3d 115, 120-21 (D.C. 2014) (citing *Beal v. Missouri Pacific R.R. Corp.*, 312 U.S. 45, 49-50 (1941); *Jerome v. U.S.*, 318 U.S. 101, 104-05 (1943); *U.S. v. Hudson*, 11 U.S. 32, 32-34 (1812)).

For these reasons, it plainly appears from the petition that petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005). As such, the Petition is **DISMISSED without prejudice**. *See Seger*, 2024 WL 2884504, *1-2 (finding, in a case where the petitioner claimed his rights were violated by the state court's order of detainment and hospitalization at a mental health center for a fitness evaluation, that the petitioner

4

acknowledged he did not seek an appeal or review of the trial court's actions, such that the petition for a writ of habeas corpus had to be dismissed without prejudice for the failure to exhaust state court remedies). The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case. The Court declines to issue a certificate of appealability, as no reasonable jurist would disagree with its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); *accord Peterson v. Douma*, 751 F.3d 524, 530-31 (2014).

      **SO ORDERED.**

      Dated: July 16, 2024

                                        *s/ David W. Dugan*
                                        DAVID W. DUGAN
                                        United States District Judge